IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Raymond Ricardo Faxio,<br>　　Petitioner, | )<br>)<br>) |
| v. | )　　1:12cv78 (LO/TCB) |
| Commonwealth of Virginia,<br>　　Respondent. | )<br>)<br>)<br>) |

MEMORANDUM OPINION

Raymond Ricardo Faxio, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in the Circuit Court of Fairfax County. On April 23, 2012, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Faxio was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply and supporting brief. For the following reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed.

I. Background

On July 29, 2009, Faxio was found guilty following a bench trial of statutory burglary and grand larceny. By Order dated December 22, 2009, Faxio was sentenced to serve five years in prison on each count, to run concurrently. Resp. Ex. A.

Faxio appealed to the Court of Appeals of Virginia, arguing that the trial court erred in admitting a surveillance video of the crime scene which had not been not properly authenticated. Resp. Ex. B. A judge of that Court denied the petition for appeal on the holding that no showing

1

had been made that the trial court abused its discretion in admitting the videotape. <u>Faxio v. Commonwealth</u>, R. No. 0158-10-4 (Va. Ct. App. July 15, 2010). A three-judge panel subsequently affirmed that ruling. <u>Faxio v. Commonwealth</u>, R. No. 0158-10-4 (Va. Ct. App. Oct. 29, 2010); Resp. Ex. C. Faxio sought further review by the Supreme Court of Virginia, but his petition for appeal was refused. <u>Faxio v. Commonwealth</u>, R. No. 102217 (Va. Apr. 13, 2011).

On January 17, 2012, Faxio timely filed the instant application for § 2254 relief,[1] raising the following claims:

> 1. His Sixth Amendment rights were violated when his lawyer was denied the opportunity to question the technician who prepared the videotape evidence.
>
> 2. A proper foundation was never laid for admitting the videotape into evidence during the trial, and the tape was never authenticated.
>
> 3. The trial court abused its discretion by admitting the videotape into evidence.

As noted above, respondent has filed a Motion to Dismiss the petition along with a supporting brief and exhibits, and petitioner has filed a reply. Accordingly, the matter is now ripe for disposition.

## II. Procedural Bar

The first claim of this petition, where Faxio contends that his Sixth Amendment rights were violated when his attorney failed to question the technician who prepared the surveillance

---

[1] A pleading submitted by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988). In this case, petitioner certified that he placed his petition in the prison mailing system on January 17, 2012, Pet. at 15.

videotape, is procedurally barred from federal review. In Virginia, claims of ineffective assistance of counsel are not cognizable on direct appeal. Blevins v. Commonwealth, 267 Va. 296, 590 S.E.2d 365, 368 (2004). Instead, such claims properly must be raised in a state habeas corpus proceeding. Walker v. Mitchell, 224 Va. 568, 299 S.E.2d 698, 699 (1983). Here, where Faxio has filed no state habeas corpus application, it is apparent that his claim that he received ineffective assistance of counsel in connection with admission of the surveillance tape remains unexhausted. Moreover, that claim is now incapable of exhaustion under Virginia law. Va. Code § 8.01-654(A)(2) provides that "[a] habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Here, final judgment was entered in the trial court on December 22, 2009, Resp. Ex. A, and the direct appeal was concluded on April 13, 2011, when the Supreme Court of Virginia refused Faxio's petition for appeal. Resp. Ex. F. Therefore, Faxio is now foreclosed from filing a state habeas corpus application by operation of § 8.01-654(A)(2). Because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court," Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), Faxio's first claim is simultaneously exhausted and defaulted for purposes of federal habeas review.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective

assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995).

When petitioner's Brief in Support of his Answer and Motion to Dismiss is read very liberally, it appears that he may intend to argue that the procedural default of his claims was caused by the ineffective assistance of his counsel. However, a claim of ineffective representation that has not itself been presented to and exhausted in the state courts cannot serve as cause for the procedural default of additional claims. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990). As petitioner neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted, see Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999), the first claim of this petition is procedurally barred from federal consideration on the merits.

### III. Remaining Claims Not Cognizable

In his second and third claims, respectively, Faxio argues that a proper foundation was never laid for admitting the videotape into evidence during trial, and that the trial court abused its discretion by admitting the videotape. Because neither of these claims has federal constitutional implications, and instead allege errors of state law, neither is cognizable in a § 22554 proceeding. See Perry v. New Hampshire, 565 U.S. ___, 132 S.Ct. 716, 720 (2012) ("Federal habeas corpus relief does not lie for errors of state law."); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir.

1998) ("Matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief."). Therefore, even if true, claims two and three of this petition state no claims for which § 2254 relief is available.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 5th day of July 2012.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge